IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JILL KIDWELL, | ) |
| Plaintiff, | ) |
| | ) Case No. 3:19-cv-5101 |
| v. | ) |
| | ) Removal from the Associate Circuit Court |
| WAL-MART REAL ESTATE | ) of Jasper County, Missouri |
| BUSINESS TRUST | ) Case No. 19AO-AC02716 |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Wal-Mart, Inc. (improperly identified in the caption as Wal-Mart Real Estate Business Trust and hereinafter referred to as Defendant or "Walmart") hereby removes to the United States District Court for the Western District of Missouri the action styled *Jill Kidwell v. Wal-Mart Real Estate Business Trust,* Case No. 19AO-AC02716, from the Associate Circuit Court of Jasper County, Missouri. Defendant states the following in support of removal:

### STATE COURT ACTION

1. On November 7, 2019, Plaintiff Jill Kidwell ("Plaintiff") commenced this matter by filing her Petition for Damages in the case styled *Jill Kidwell v. Wal-Mart Real Estate Business Trust,* Case No. 19AO-AC02716, from the Associate Circuit Court of Jasper County, Missouri (the "State Court Action").

2. Plaintiff's Petition in the State Court Action asserts a claim of premises liability.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. §§ 1441 and 1446.

4. Defendant was served with process on November 13, 2019.

5. This is a civil action over which this Court has original diversity of citizenship jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

6. A true and correct copy of the court file from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

7. A Notice of Removal is required to be filed within thirty (30) days that the defendant receives a copy of an initial pleading "through service or otherwise". 28 U.S.C. § 1446(b).

8. Defendant was served with process on November 13, 2019.

9. This Notice of Removal is being filed on or before December 13, 2019.

## VENUE REQUIREMENT IS MET

10. Venue is proper, in that this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending. 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION EXISTS

11. Plaintiff identifies her residence in the State Court File as Missouri. *See* Exhibit A, Petition ¶ 1.

12. While the caption of Plaintiff's Petition incorrectly identifies the Defendant as Wal-Mart Real Estate Business Trust, the jurisdictional and factual averments within the body of Plaintiff's Petition identify the Defendant as Wal-Mart, Inc.

13. Defendant Wal-Mart, Inc., for purposes of establishing that complete diversity of citizenship exists for this controversy, provides the following information:

    a) Walmart, Inc. is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business in the State of Arkansas, not having its chief and principal place of business in the State of Missouri, and is neither a citizen nor a resident of the State of Missouri.

14. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

15. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a). A district court has subject matter jurisdiction in a diversity case when "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.00." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Accordingly, even in matters where it is not "facially apparent" from a plaintiff's pleadings that the claimed damages exceed $75,000, removal can be warranted. *Quinn v. Kimble*, 228 F.Supp.2d 1038, 1040 (E.D.Mo. 2002)(finding remand was not warranted even where plaintiff submitted affidavits alleging damages totaling less than $10,000.00).

16. In her Petition, Plaintiff alleges personal injury due to the alleged "negligence, carelessness, faults and omissions" of Defendant that "directly and proximately or contributed to

3
Case 3:19-cv-05101-SRB   Document 1   Filed 12/13/19   Page 3 of 6

cause Plaintiff Jill Kidwell to sustain bodily injury to her head, right shoulder, left knee and back." *See* Exhibit A, Petition ¶ 15.

17. She further alleges damages, including "a substantial sum for medical and health care and treatment" and that she continues to have pain, suffering, and inconvenience as a result of her injuries." *See* Exhibit A, Petition ¶ 15.

18. Plaintiff also requests judgment in an amount "not to exceed the sum of $74,999.00, **exclusive of interest or cost, for her costs incurred herein, and for such other amounts as the court deems just and proper under the circumstances.**" *See* Exhibit A, Petition, Wherefore clause (emphasis added).

19. Although this prayer appears to limit her damages, Plaintiff is explicitly claiming substantial medical expenses, chronic pain, suffering and inconvenience as a result of her injuries.

20. Based on Plaintiff's claims of substantial medical expenses, chronic pain, suffering and inconvenience as a result of her injuries, as well as a claim "for such other amounts as the court deems just and proper", a fact finder could legally conclude from Plaintiff's Petition that the amount in controversy in this matter is in excess of $75,000.

## REMOVAL IS PROPER

21. Removal is proper, in that (i) this action is a civil action pending within the jurisdiction of the Associate Circuit Court of Jasper County, Missouri; (ii) this action could have been brought in this jurisdiction; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

22. The U.S. District Court for the Western District of Missouri, Southwestern Division, is the appropriate court for removing this action. *See* 28 U.S.C. §§ 1441(a) and 1446(a); Local Rule 3.2(a)(3).

## FILING OF REMOVAL PAPERS

23. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Associate Circuit Court of Jasper County, Missouri, as required by 28 U.S.C. § 1446(d).

## JURY TRIAL DEMANDED

24. Defendant requests jury trial on all matters.

## DESIGNATION OF PLACE OF TRIAL

25. Defendant hereby designates Joplin, Missouri as the place for trial.

## CONCLUSION

WHEREFORE, Defendant Wal-Mart, Inc. (improperly identified in the caption as Wal-Mart Real Estate Business Trust) does hereby remove the above-captioned action from the Associate Circuit Court of Jasper County, State of Missouri, and request that further proceedings be conducted in this Court as provided by law.

DATED: December 13, 2019.

Respectfully submitted:

/s/ M. Jared Marsh
Lindsay P. Windham          (MO #66153)
M. Jared Marsh              (MO #51817)
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: lwindham@halbrookwoodlaw.com
E-MAIL: jmarsh@halbrookwoodlaw.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of December 2019, the foregoing was electronically mailed to:

Anna Sanderson
Scott J. Vorhees
JOHNSON, VORHEES & MARTUCCI
510 West 6th Street
Joplin, MO 64801
TEL: (417) 206-0100
FAX: (417) 206-0110
E-MAIL: anna@4stateslaw.com
E-MAIL: scott@4stateslaw.com
ATTORNEYS FOR PLAINTIFF

/s/ M. Jared Marsh
ATTORNEY FOR DEFENDANT