# IN THE ASSOCIATE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
# AT JOPLIN

| | |
|---|---|
| JILL KIDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. _____ |
| WAL-MART REAL ESTATE | ) |
| BUSINESS TRUST, | ) |
| Serve: Wal-Mart Store East I, LP | ) |
| 702 SW 8th Street | ) |
| Bentonville, AR 72716 | ) |
| | ) |
| Defendant. | ) |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff Jill Kidwell, by and through her attorney of record, Anna Sanderson of the law firm Johnson, Vorhees and Martucci, and for her Petition against Defendant Wal-Mart, Inc. states and avers as follows:

1. Plaintiff Jill Kidwell is a resident of Purcell, Jasper County, Missouri.

2. At all times herein mentioned Defendant Wal-Mart, Inc. (hereinafter "Wal-Mart") owned, possessed, and/or controlled the premises located at 2705 Grand Ave., Carthage, MO 64836, where the retail store known as "Wal-Mart, Store #13" is located. As owners of the premises, Defendant Wal-Mart had a duty to maintain the property in a safe condition for invitees who would enter the premises.

3. The tortious act complained of herein occurred in Jasper County, Missouri, providing this Court with jurisdiction and venue over these claims.

## PREMISES LIABILITY

4. Plaintiff hereby incorporates the allegations of paragraphs 1 through 3, above, as though set forth fully herein.

5. On or about April 2, 2019, Plaintiff Jill Kidwell was a customer and business invitee at Wal-Mart located in Carthage, Missouri.

6. As Plaintiff was walking down Defendant's aisle, her foot encountered a wet and slippery substance on the floor.

7. The wet and slippery floor constituted a dangerous condition that was unknown to Plaintiff but was known or should have been known to Defendants.

8. The dangerous condition presented an unreasonable risk of harm to individuals, including Plaintiff, who walked down the aisle and who were unaware of the wet and slippery substance on the floor.

9. Due to the dangerous condition of the pathway, Plaintiff Jill Kidwell fell, causing injury to her head, right shoulder, left knee and back.

10. As a result of the above referenced injuries, Plaintiff Jill Kidwell was required to seek medical treatment.

11. At all times herein concerned, Defendant had possession and/or actual control over, and/or owned the aisle.

12. Defendant had a duty of ordinary care to maintain the pathway of the aisle, to warn visitors of the dangerous condition in the aisle, and/or to barricade the aisle due to the dangerous condition.

13. No warning signs or barricades were placed by Defendant to warn customers, including Plaintiff, of potential dangers or to block visitors from hazards existing in the aisle.

14. The injuries and damages suffered by Plaintiff are the direct and proximate result of the negligence of Defendant in one, more, or all of the following particulars:

    a. allowing the aisle in a high traffic area to become wet and slippery causing a hazard;

    b. choosing not to inspect the aisle to look for dangerous conditions, such as the one presented by the wet and slippery floor;

    c. choosing not to use ordinary care to remedy, barricade, guard against or warn about the dangerous condition presented by the wet and slippery substance, when Defendant knew or in the exercise of ordinary care could have known about; and

    d. failing to maintain a safe aisle where individuals could walk.

15. Defendant's negligence, carelessness, faults and omissions directly and proximately caused or contributed to cause Plaintiff Jill Kidwell to sustain bodily injury to her head, right shoulder, left knee and back. Plaintiff has incurred and will continue to incur a substantial sum for medical and health care and treatment. Plaintiff was caused and continues to have pain, suffering, and inconvenience as a result of her injuries.

**WHEREFORE**, Plaintiff Jill Kidwell prays judgment against Defendant Wal-Mart, Inc. for damages in an amount not to exceed the sum of $74,999.00, exclusive of interest or cost, for her costs incurred herein, and for such other amounts as the court deems just and proper under the circumstances.

Electronically Filed - Jasper County - Joplin - November 07, 2019 - 02:35 PM

Respectfully Submitted,

**JOHNSON, VORHEES & MARTUCCI**

By: */s/ Anna Sanderson*
Anna Sanderson MO Bar No. 69321
Scott J. Vorhees MO Bar No. 52412
510 West 6th Street
Joplin, Missouri 64801
(417) 206-0100
(417) 206-0110 (fax)
anna@4stateslaw.com
scott@4stateslaw.com
*Attorneys for Plaintiff*

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

IN THE ASSOCIATE CIRCUIT COURT OF JASPER COUNTY, MISSOURI
AT JOPLIN

| | |
|---|---|
| **JILL KIDWELL,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>) CASE NO. _____<br>**WAL-MART REAL ESTATE** )<br>**BUSINESS TRUST,** )<br>**Serve: Wal-Mart Store East I, LP** )<br>   **702 SW 8th Street** )<br>   **Bentonville, AR 72716** )<br>)<br>**Defendant.** ) | |

### CERTIFICATE OF SERVICE

Enclosed for filing of record, please find:

- **Petition for Damages**
- **Filing Fee in the amount of $46.50 is paid at the time of electronic filing.**
- **Please prepare a summons for Registered Agent for Defendant:**

  Defendant Wal-Mart Real Estate Business Trust can be served by the Benton County Sheriff by serving its Registered Agent at 702 SW 8th Street, Bentonville, AR 72716.

Respectfully Submitted,

**JOHNSON, VORHEES & MARTUCCI**

By: */s/ Anna Sanderson*
Anna Sanderson MO Bar No. 69321
Scott J. Vorhees MO Bar No. 52412
510 West 6th Street
Joplin, Missouri 64801
(417) 206-0100
(417) 206-0110 (fax)
anna@4stateslaw.com
scott@4stateslaw.com
*Attorneys for Plaintiff*



# IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOSEPH L HENSLEY | Case Number: 19AO-AC02716 |
| Plaintiff/Petitioner:<br>JILL M KIDWELL<br><br>vs.<br><br>Defendant/Respondent:<br>WALMART STORE #13 CARTHAGE MO | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>ANNA SANDERSON<br>510 WEST SIXTH STREET<br>JOPLIN, MO  64801<br>(417) 206-0100 |
| Nature of Suit:<br>AC Pers Injury-Other | Date, Time and Location of Court Appearance:<br>06-JAN-2020 09:00 AM<br>Division V - Joplin<br>601 S. Pearl<br>JOPLIN, MO  64801 |

*FILED*
*MELISSA HOLCOMB- CLERK*
*Thursday, November 07, 2019*
*JASPER COUNTY*
*CIRCUIT COURT*
*JOPLIN, MISSOURI*

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

**The State of Missouri to:** WALMART STORE #13 CARTHAGE MO
**Registered Agent:** 702 SW 8th STREET, BENTONVILLE, AR  72716

2705 GRAND AVENUE
CARTHAGE, MO  64836

**COURT SEAL OF JASPER COUNTY**

You are summoned to appear before this court on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

_____11/7/2019_____ _____/s/ Crystal Hornback_____
Date                                                                       Clerk

Further Information:                     *Melissa Holcomb- Circuit Clerk*

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court.

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to: _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address) in _____ County, _____ (state) on this _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

(Seal)

**Summons Fees**
Summons    $ _____
Non Est       $ _____
Mileage      $ _____ (_____ miles @ $ ._____ per mile)

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* Document ID# 19-ASOS-71     1 of 2     **(19AO-AC02716)**     Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo

Case 3:19-cv-05101-SRB   Document 1-1   Filed 12/13/19   Page 6 of 7

| Total | $ _____ |
|---|---|
| | See the following page for directions to officer making return on service of summons. |

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age who permanently resides with the defendant/respondent, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

OSCA (07-18) SM70 (ASOS) *For Court Use Only:* **Document ID# 19-ASOS-71**   2 of 2   **(19AO-AC02716)**   Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510, 517.041 RSMo

Case 3:19-cv-05101-SRB   Document 1-1   Filed 12/13/19   Page 7 of 7