IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWEST DIVISION

| | |
|---|---|
| JILL KIDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 19-5101-CV-SW-SRB |
| WAL-MART REAL ESTATE ) | |
| BUSINESS TRUST, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR REMAND

COMES NOW Plaintiff Jill Kidwell, by and through her attorneys of record, and for her Motion to Remand, states the following:

### Introduction

Plaintiff Jill Kidwell is a resident of Purcell, Jasper County, Missouri. Plaintiff suffered a fall at Wal-Mart #13 located in Carthage, Jasper County, Missouri. Plaintiff commenced this personal injury action in the Associate Circuit Court of Jasper County, Missouri against Wal-Mart Real Estate Business Trust ("Wal-Mart") on November 7, 2019. Defendant Wal-Mart filed its Notice of Removal on December 13, 2019, claiming diversity jurisdiction pursuant to U.S.C. §1332, 1441, and 1446.

The District Court could not have original jurisdiction over Plaintiff's Petition because, while the parties are diverse, the jurisdictional amount in controversy raised by Plaintiff's Petition is not over $75,000. Plaintiff's Motion to Remand should be granted because Defendant Wal-Mart cannot meet its burden to show with a legal certainty that the amount in controversy exceeds $75,000.

## Standard of Review

In removal cases, the District Court reviews the petition pending at the time of removal to determine the Court's jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 5886, 82 L.Ed. 845 (1938). Federal courts are to strictly construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. *Snyder v. Harris*, 394 U.S. 332, 339, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). All doubts about federal jurisdiction must be resolved in favor of remand. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## Law & Argument

An action originally filed in state court may be properly removed to a Federal District Court only if the district court could have had original jurisdiction, meaning the District Court would have jurisdiction over the case had the case originally been filed in a Federal Court. 28 U.S.C. § 1441(a). Federal Courts have original jurisdiction over cases in which there is complete diversity of citizenship **and** the amount in controversy exceeds the jurisdictional amount of $75,000. 28 U.S.C. § 1332(a) (emphasis added). Jurisdiction in diversity cases is strictly construed, and if it is at all doubtful that party seeking removal has not satisfied its burden of showing the required jurisdictional amount has been met, the cause should be remanded. *Brown v. Niagara Fire Ins. Co.*, 132 F. Supp. 509 (W.D. Mo. 1955). To meet that burden, the removing party must show by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir.2003). To meet its burden of demonstrating that the amount-in-controversy requirement has

been satisfied, the removing party must present specific facts or evidence. *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D.Mo.2004).

**Defendant cannot meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.**

The only evidence Defendant cites to is the phrasing in Plaintiff's Petition, which states that she had incurred "a substantial sum for medical care and treatment. . ." *Exhibit A*, Petition ¶ 15. The Western District addressed similar language in *Neighbors v. Muha*. In that case, the Defendants argued that allegations contained in Plaintiff's Petition that described her damages as "substantial" or "significant" provided sufficient evidence to satisfy their burden of proving the amount-in-controversy requirement. The Court disagreed, concluding that "[t]he words "substantial" and "significant" are subjective terms which lend themselves to varying definitions and interpretations. It is not enough to submit that, because the Plaintiff sustained injuries of unknown severity to various parts of her body, and she labeled her loss of income "substantial" and her pain and suffering "significant," the amount-in-controversy requirement is therefore met."' *Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005).

Defendant also points to the 'Wherefore' clause in Plaintiff's Petition in support of its contention. RSMo §509.050(2) permits a party to demand a dollar amount for the purpose of determining the proper jurisdictional authority. Plaintiff's Petition clearly demands damages "not to exceed the sum of $74,999.00. . ." *See Exhibit A*. However, so as to provide further clarification, Plaintiff Jill Kidwell hereby admits and concedes that her damages in this cause will not exceed $74,999.00. *See Affidavit of Jill Kidwell, attached as Exhibit B*. *See also Neighbors v. Muha*, No. 05-472-CV-W-GAF, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005) citing *Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999) (post-

removal affidavits may be considered to the extent that they clarify, rather than amend, the original pleading).

Lastly, Plaintiff's prayer for relief, to the extent that it asks for "such other amounts as the court deems just and proper," is not relief which is authorized under the statute and therefore, would be deemed mere surplusage and have no force and effect in state court.

Defendant has failed to produce any evidence to support its claim that Plaintiff's damages exceed $75,000. Plaintiff has not sent a demand and Defendant has not seen Plaintiff's medical records or bills. Defendant's position is mere conjecture and falls woefully short of the applicable preponderance of the evidence standard.

## **Conclusion**

This is a simple decision. Defendant has not met its burden of showing by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. Under this Court's standard of review, the correct result is this case should be remanded back to State Court.

THEREFORE, for the reasons stated above, Plaintiff requests this Court to remand her cause of action back to the Associate Circuit Court of Jasper County, Missouri.

Respectfully Submitted,

**JOHNSON, VORHEES & MARTUCCI**

By: */s/ Glenn R. Gulick*
Glenn R. Gulick MO Bar No. 29937
Anna Sanderson MO Bar No. 69321
510 West 6th Street
Joplin, Missouri 64801
(417) 206-0100
(417) 206-0110 (fax)
glenn@4stateslaw.com
anna@4stateslaw.com
*Attorneys for Plaintiff*